## AFFIDAVIT OF ERIK V. TELFORD

I, Erik V. Telford, being sworn, do hereby depose and say as follows:

1. I am a Massachusetts State Police Officer assigned to the Massachusetts State Police ("MSP") Gang Unit and have been working in this capacity for 7 years. Currently, I am working as a Trooper in the Gang Unit as part of the Southeastern Massachusetts Gang Task Force ("the Task Force"). The Task Force consists of agents from the Federal Bureau of Investigation ("FBI"), Troopers from the Massachusetts State Police Gang Unit, and Detectives from the Brockton Police Department.

2. In or about January, 2008, I was deputized as a federal Task Force Officer ("TFO"). As such, I am also an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code: that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516, Title 18, United States Code.

3. I have been employed as a State Police Officer since June, 2000. I have been assigned to my current assignment as a Trooper in the Bureau of Investigative Services, since October, 2003. My duties include, but are not limited to investigating criminal gang organizations and illicit narcotics enterprises,

assisting in crime prevention and control in the City of Brockton, the investigation of firearm violations and offenses, and the investigation of narcotic violations and offenses. I have attended several narcotics seminars and courses and have been involved in hundreds of narcotics arrests, narcotic investigations, and firearm arrests both in uniformed patrol and in my current assignment.

4. During my law enforcement career, I have participated in hundreds of investigations relating to the distribution of controlled substances including cocaine, cocaine base, also known as "crack cocaine" and other drugs. I have received training in narcotics investigation and have been the affiant on affidavits in support of search warrants, arrest warrants and other applications. I am also personally familiar with the texture, color and appearance of crack cocaine and have been called to identify it in the field on many occasions.

5. In addition, I have conducted and assisted in well over one hundred undercover narcotic purchases, surveillance of narcotic transactions, and have participated in numerous search warrant executions involving narcotics and firearms. I have been involved in many motor vehicle stops that have escalated to large seizures of cocaine in the crack and powdered form and the seizure of numerous firearms. I am familiar with the packaging and distribution of crack and powder cocaine, heroin and

marijuana for street level drug dealing. I have had the opportunity to work with and be trained by more experienced officers in the investigation of narcotics organizations, nationally recognized major gangs, and smaller street gangs. As a result of my experience, I am familiar with the vernacular, or code words and terms, which gang members and dealers and buyers of narcotics use.

6. I submit this affidavit in support of an application for a criminal complaint charging **JOAO MENDES** ("**MENDES**"), of 29 Sylvester Street, #2, Brockton, Massachusetts, with knowingly and intentionally possessing with intent to distribute, and distributing cocaine base, also known as "crack cocaine", a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). This affidavit is submitted for the limiting purpose of establishing probable cause to believe that **MENDES** committed the above described offense. Accordingly, I have not included each and every fact known to myself and other law enforcement officers involved in this investigation.

7. As a result of my personal participation in the investigation, interviews and analysis of reports submitted by other law enforcement personnel and my consultations with other law enforcement officers, I am familiar with this investigation.

8. On July 9, 2009, FBI Special Agent ("SA") Bryan Zinn and TFO Michael McCarthy met with an FBI cooperating witness (hereinafter "CW")[1], to record a telephone call to **MENDES** to purchase crack cocaine.

9. The CW explained that on July 6, 2009 he/she had a conversation with **MENDES** and **MENDES** told the CW that he had "good stuff." **MENDES** told the CW to call him at (774) 240-0927.

10. On July 9, 2009, at approximately 3:55 P.M. a recording device was attached to the CW's telephone by SA Zinn in order to record a telephone call between **MENDES** and the CW. The CW called telephone number (774) 240-0927 and spoke with **MENDES**. **MENDES** agreed to sell two 8-balls of crack cocaine to the CW. During a second call to **MENDES** from the CW, **MENDES** told the CW the two 8-balls would cost $280.00. At approximately 5:15 P.M. that same day, the CW called **MENDES** to reschedule the narcotics transaction for another time.

11. On July 16, 2009, SA Zinn and myself met with the CW to conduct recorded telephone call(s) from the CW to **MENDES** in order to arrange for a purchase of crack cocaine from **MENDES**. The CW

---

[1] The CW has a criminal record that includes narcotics convictions, and is arrestable for a narcotics offense. The CW also has a history of marijuana use. The CW has immigration concerns based upon the foregoing. The CW has also received payments for assistance from the FBI and expects to receive additional payments for relocation and assistance on this investigation.

called **MENDES** at the same telephone number of (774) 240-0927 and **MENDES** told the CW that they had to meet "right now" because **MENDES** was leaving any minute for New Jersey. However, the CW was unable to meet with **MENDES** before **MENDES** had to leave the Brockton area. **MENDES** told the CW he would contact him/her when **MENDES** returned to Brockton.

12. On July 22, 2009, SA Zinn and myself met with the CW to arrange for the purchase of crack cocaine from **MENDES**. At approximately 3:44 P.M. a recording device was attached to the CW's telephone by SA Zinn in order to record a telephone call between the CW and **MENDES**. The CW called telephone number (774) 240-0927 and spoke with **MENDES**. **MENDES** agreed to sell two 8-balls of crack cocaine to the CW. **MENDES** directed the CW to 30 Ford Street, Brockton. **MENDES** told the CW he would be outside.

13. The CW was given a transmitting device, audio/video recording device, and $280.00 in official government funds ("OGF") in order to purchase the two 8-balls of crack cocaine from **MENDES** and to record the transaction. The CW and CW's vehicle were searched prior to the controlled purchase with negative results for both contraband and money.

14. The CW drove to 30 Ford Street and pulled into the driveway by the garage. **MENDES** walked from the garage where the CW observed **MENDES** with "Steve" (later identified as Steven Mendes) smoking marijuana. **MENDES** approached the front

passenger's side window of the CW's vehicle. **MENDES** handed the CW two bags of crack cocaine through the open front passenger's side window and the CW handed **MENDES** $280.00. The CW then departed the area.

15. I searched the CW and CW's vehicle after the controlled purchase with negative results for both contraband and money. During the debriefing, SA Zinn recovered the two bags of crack cocaine as well as the recording device from the CW.

16. Based upon the training and experience of the other TFO's and myself, the substance purchased by the CW, referred to in paragraph 14 above, is cocaine base, also known as "crack cocaine". The substance was field tested by SA Zinn and TFO Carlton Jackson and tested positive for cocaine. At a later date, the drugs purchased from **MENDES** on July 22, 2009, were submitted to the Drug Enforcement Administration ("DEA") for analysis with a result net weight of 6.8 grams of cocaine base.

17. Based on the information contained in this affidavit, all of which is true and accurate to the best of my knowledge, information and belief, I believe that there is probable cause to believe that on or about July 22, 2009, **JOAO MENDES** did knowingly and intentionally possess with intent to distribute, and did distribute cocaine base, also known as "crack cocaine", a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

I, Erik V. Telford, having signed this Affidavit under oath as to all assertions and allegations contained herein, state that its contents are true and correct to the best of my knowledge, information and belief.

_____
Erik V. Telford, TFO
Massachusetts State Police

Sworn and subscribed to before me this 23rd day of March, 2010 at Boston, Massachusetts.

_____
JUDITH G. DEIN
CHIEF, UNITED STATES MAGISTRATE JUDGE